ROGER LAURANO AND MARGARET LAURANO, PETITIONERS *V.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7869–75.    Filed February 16, 1978.

Roger Laurano and Margaret Laurano, pro se.
*Bernard S. Mark,* for the respondent.

FORRESTER, *Judge:* Respondent has determined a deficiency in petitioners' Federal income tax for the taxable year 1973 in the amount of $408.55. There are three issues remaining for our decision: (1) Whether petitioners are entitled to a business expense deduction for their automobile expenses in excess of the amount allowed by respondent; (2) whether petitioners are entitled to a business expense deduction for home telephone expenses in excess of the amount allowed by respondent; and (3) whether petitioners have adequately substantiated their claimed educational expenses and, if so, whether such expenses are deductible business expenses.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

Petitioners Roger Laurano and Margaret Laurano, husband and wife, resided in Orange, N. J., at the time they filed their petition herein. Petitioners timely filed their joint Federal income tax return for the taxable year 1973 with the Internal Revenue Service.

During 1973 petitioner Roger Laurano (Roger) was employed

by Layman Enterprises (Layman), the owner of Deli Haven, a catering business located in Freehold, N. J. During 1973 petitioners resided in West Orange, N. J., which is approximately 50 miles from Freehold, N. J. Roger worked at least 6 days a week and for at least 8 hours per day.

Roger used his own automobile while working for Layman and was not reimbursed for its expense. At times Roger used his car to commute directly to the Deli Haven in Freehold from his West Orange residence. At other times, he would go to business-related meetings in the West Orange area before commuting to Freehold.

Roger generally returned to his West Orange residence directly from the Deli Haven in Freehold, but sometimes he would travel to various places in the Freehold area before returning to West Orange. On some days, Roger worked entirely in the West Orange area and did not commute to Freehold at all.

During 1973, petitioners did not own more than one automobile at a time. Petitioners did not keep any records regarding the business use of their automobile.

On their 1973 return, petitioners claimed an employee business expense deduction of $2,575 relating to the use of their automobile. Petitioners allocated 20,000 miles out of a claimed total of 40,000 miles to the business use of their automobile. Respondent disallowed $1,373.72 of such deduction for automobile expenses, allowing only $1,201.28.

Petitioners made total payments in the amount of $722.26 to the New Jersey Bell Telephone Co. during 1973. During both 1973 and 1974, Roger used his telephone to set up tentative catering dates and to make preparations for catering jobs. Roger did not have any catering business outside of New Jersey.

Portions[1] of two of petitioners' New Jersey Bell Telephone Co. bills for 1973 include the following total charges:

---

[1] A full itemization of the charge made on such bills for "Calls Outside Local Area and Telegrams" is not in the record.

Service and equipment,
   U.S. Tax, and other charges................... $29.49
Message units ......................................... 10.37
Calls outside local area
   and telegrams....................................... <u>75.19</u>
   Total charges .................................... 115.05

Of the total $75.19 billed for long distance calls, an itemized bill is available only for calls totaling $49.61, and $40.77 of such amount represents charges for out-of-State calls.

Eleven of petitioners' New Jersey Bell Telephone Co. bills for 1974 show the following total charges:

Service and equipment,
   U.S. Tax, and other charges.................. $191.95
Message units ......................................... 63.86
Calls outside local area
   and telegrams....................................... <u>499.43</u>
   Total charges .................................... 755.24

Of the $499.43 amount representing charges for long-distance calls, $271.53 represents charges for out-of-state calls.

On their 1973 return, petitioners claimed a $770 business expense deduction for telephone expenses. Respondent disallowed $670 of such deduction allowing only $100.

Petitioner Margaret Laurano (Margaret), a Canadian citizen, is certified to teach in Toronto, Canada. During 1973 Margaret was not certified to teach in the State of New Jersey. During 1973 Margaret was teaching fourth grade in a parochial school, the St. Joseph's School of West Orange, N. J. (St. Joseph's).

Margaret paid $245 to take the following three courses at Kean College of New Jersey during 1973: (1) "Teaching English as a Second Language"; (2) "Science in Elementary School"; (3) "Elementary School Curriculum Principles and Practices" (Principles and Practices). Margaret was not required by the Catholic diocese to take any of the three courses. Margaret enrolled in Principles and Practices because it was required in order to obtain her certification in New Jersey. She took "Teaching English as a Second Language" in the hope that she could use it in the future as a specialized field of teaching, but she did teach some Spanish-speaking and Portuguese-speaking children in her class at St. Joseph's during 1973. "Science in

Elementary School" was directly related to the curriculum Margaret was teaching at St. Joseph's.

On their 1973 return, petitioners claimed a $245 deduction for education expenses. Respondent disallowed such deduction in full. Respondent conceded at trial that he had improperly disallowed petitioners' $25 deduction for tax assistance expenses.

## OPINION

The first issue for our decision is whether petitioners are entitled to a business expense deduction for automobile expenses in excess of the amount allowed by respondent. On their 1973 return, petitioners claimed they had driven their automobile a total of 40,000 miles during 1973 and allocated 20,000 miles to business use of their automobile. Respondent allowed the expenses of approximately 10,000 miles as a deduction for the business use of petitioners' automobile.

Roger's principal place of work during 1973 was the Deli Haven located in Freehold, and his residence was located in West Orange, N. J. Roger's expenses of commuting the 100 miles per day from his residence to the Deli Haven and back are nondeductible commuting expenses. *Commissioner v. Flowers*, 326 U.S. 465, 473 (1946). At times Roger commuted less than 100 miles per day because he made business-related stops in the West Orange area before proceeding to Freehold on his way to work; made business-related stops in the Freehold area before returning to his residence after work; or made all of his business-related stops in the West Orange area and did not go to Freehold during the day. In these cases, Roger's expenses of traveling from his residence to his first business-related stop in the morning and from his last business-related stop to his home in the evening, to the extent that the distance traveled does not exceed the distance from his home to the Deli Haven, are nondeductible commuting expenses. *Green v. Commissioner*, 59 T.C. 456, 460 (1972). Unfortunately, Roger's testimony and other evidence is very general and vague with respect to the number of days that he commuted less than 100 miles.

However, since Roger worked at least 6 days per week, his commuting mileage would have totaled at least 31,200 miles if he worked 52 weeks per year and commuted the full 100 miles every day. Allowing for vacations and for those days of

indeterminable number when Roger commuted less than 100 miles per day, it is still doubtful that Roger commuted less than 20,000 miles during 1973. When such 20,000 miles are added to the approximately 10,000 which respondent allowed Roger for business use, then there is only slightly less than 10,000 miles (of the total 40,000 miles claimed) left to cover other personal uses of petitioners' car. We think petitioners probably used their car 10,000 miles per year for personal reasons, and they have introduced no evidence to the contrary.

Petitioners have the burden of proving that they are entitled to a deduction in excess of the amount allowed by respondent for the business use of their automobile. Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioners have not met their burden. Accordingly, we hold that petitioners are not entitled to a deduction for the business use of their automobile in excess of the amount allowed by respondent.

The second issue for our decision is whether petitioners are entitled to a deduction for their home telephone expenses in excess of the $100 allowed by respondent. Roger used his home telephone in performing his duties for the Deli Haven. However, although the Deli Haven had no catering business outside of New Jersey, approximately 82 percent of those itemized long-distance calls shown on the two bills produced by petitioners for 1973 were out-of-State calls, and 54 percent of those long-distance calls shown on the 11 bills introduced for 1974 were out-of-State calls.

Roger testified that his telephone was often used for business during 1973 and that the percentage of his total bill representing business use was certainly in excess of $100 because the two 1973 bills introduced as evidence were not as representative of his overall 1973 telephone use as were the eleven 1974 bills which he produced. Based on his credible testimony, we believe that the expenses of Roger's business use of his home telephone during 1973 exceeded $100. Using our best judgment, we hold that petitioners are entitled to a deduction for the business use of their telephone during 1973, in the total amount of $200. *Cohan v. Commissioner*, 39 F.2d 540 (2d Cir. 1930).

The final issue for our consideration is whether petitioners are entitled to a business expense deduction for education expenses. Margaret testified that she paid $245 for the three courses which she took during 1973. Her testimony was corroborated by a

grade report showing that she had enrolled in the courses and by a check in the amount of $66.75 for partial payment of tuition. Based upon Margaret's credible testimony, the grade report and the tuition check, we find that petitioners paid $245 for education expenses during 1973.

Respondent argues that the education expenses attributable to the Principles and Practices course are not deductible because it was required for Margaret to be certified to teach in New Jersey. Section 1.162–5(b)(2)(i), Income Tax Regs., states:

(2) Minimum educational requirements. (i) The first category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is required of him in order to meet the minimum educational requirements for qualification in his employment or other trade or business. The minimum education necessary to qualify for a position or other trade or business must be determined from a consideration of such factors as the requirements of the employer, the applicable law and regulations, and the standards of the profession, trade, or business involved. The fact that an individual is already performing service in an employment status does not establish that he has met the minimum educational requirements for qualification in that employment. *Once an individual has met the minimum educational requirements for qualification in his employment or other trade or business (as in effect when he enters the employment or trade or business), he shall be treated as continuing to meet those requirements even though they are changed.* [Emphasis supplied.]

Margaret was already certified to teach in Toronto, Canada. Teaching in New Jersey does not constitute a new trade or business because the duties of both Canadian and New Jersey teachers involve the same general type of work. Sec. 1.162–5(b)(3)(i), Income Tax Regs. Therefore, by acquiring certification to teach in Toronto, Canada, Margaret had once met "the minimum educational requirements for qualification in [her] employment or other trade or business." Cf. Rev. Rul. 71–58, 1971–1 C.B. 55.

We realize that in *Sharon v. Commissioner*, 66 T.C. 515 (1976), we held that a California bar review course helped petitioner qualify for a new trade or business as a licensed California attorney even though petitioner was already a licensed New York attorney. However, section 1.162–5(b)(3)(i), Income Tax Regs., deals directly with the trade or business of teaching as follows:

In the case of an employee, a change of duties does not constitute a new trade or business if the new duties involve the same general type of work as is

involved in the individual's present employment. *For this purpose, all teaching and related duties shall be considered to involve the same general type of work.* * * * [Emphasis supplied.]

Rev. Rul. 71–58, 1971–1 C.B. 55, is also on point. It involves a teacher certified in State A who moved to State B and took certain courses required for certification in State B, and relies upon section 1.162–5(b)(3)(i), Income Tax Regs., stating (1971–1 C.B. at 56): "Under the regulations, teaching and related duties are considered to involve the same general type of work."

We also believe *Horodysky v. Commissioner*, 54 T.C. 490 (1970), is distinguishable. There an immigrant who held a German law degree was denied a deduction for the expenses of completing a full curriculum in order to obtain an American law degree, a prerequisite for admission to the Ohio State Bar. In the instant case, Margaret was not required to complete an entire curriculum leading to an American degree but she was only required to take several courses just as a teacher moving into New Jersey from another State which had different requirements might have been required to do.

Since the Principles and Practices course, as well as the other two courses which Margaret took during 1973, clearly maintained or improved her skills as a teacher, the expenses attributable to such courses are deductible business expenses. Sec. 1.162–5(a)(1), Income Tax Regs. Accordingly, we hold that petitioners are entitled to a business expense deduction in the amount of $245 for such education expenses.

*Decision will be entered under Rule 155.*