**William D. GARDNER and Juanita Gardner, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 77–1332.

United States Court of Appeals, Sixth Circuit.

Jan. 16, 1980.

Michael J. Clare, David W. Gray, Louisville, Ky., for petitioners-appellants.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Richard W. Perkins, John A. Dudeck, Jr., Tax Div., U. S. Dept. of Justice, Meade Whitaker, Chief Counsel, I. R. S., Leon G. Wigrizer, Acting Chief Counsel, Washington, D. C., for respondent-appellee.

Before WEICK and KENNEDY, Circuit Judges and CECIL, Senior Circuit Judge.

### ORDER

This is an appeal from the decision of the United States Tax Court determining a deficiency in federal income taxes for the taxable year 1970 in the amount of $10,750.87. The opinion of the Tax Court and its findings of fact are reported at P–H Memo T. C. par. 76,349 (1976).

Two issues have been presented on appeal, namely: (1) whether a $38,000 payment made by a corporation to a third person represented the discharge by the corporation of a personal obligation of its controlling stockholder William D. Gardner so as to constitute a constructive dividend to Gardner and (2) whether the value of the use of demonstrator automobiles owned and maintained by the corporation and used for personal purposes by the stockholder, his wife and minor son during the taxable year constituted dividend income to the stockholder.

In our opinion, the findings of fact adopted by the Tax Court are supported by substantial evidence and are not clearly erroneous and its conclusions of law with respect to both issues are correct.

We therefore affirm the decision of the Tax Court for the reasons set forth in its opinion written by Judge Scott.

CORNELIA G. KENNEDY, Circuit Judge, concurring and dissenting in part:

I agree with the Court that there is substantial evidence that the payment made by the corporation to a third person, one Ray, represented the discharge by the corporation of a personal obligation of its control-

ling stockholder Gardner, but dissent from the holding of the Court affirming the decision of the Tax Court for the reason that the payment, to the extent that it exceeded monies lent by Ray to Gardner, represented interest.

The Tax Court found that the agreement between Ray and Gardner was a loan from Ray to Gardner and so held:

In our view, the agreement by its terms and the action of the parties subsequent to June 24, 1967, were consistent with a loan from Mr. Ray to petitioner personally. Therefore, the payment of $38,000 by the corporation conferred an economic benefit upon petitioner by relieving him of the obligation of the agreement of June 24, 1967, and the note executed on June 29, 1967, without expectation of repayment. This conferring of an economic benefit on petitioner gives rise to a constructive dividend to petitioner in the amount of the payment.

Gardner had received only $19,200 plus $5,000, a total of $24,200 as a loan from Ray. The balance of $13,800 which he agreed to pay and did pay Gardner for this loan over and above repayment of the principal can only be interest. Interest has been defined by the United States Supreme Court as "the amount one has contracted to pay for the use of borrowed money", *Old Colony R. Co. v. Commissioner*, 284 U.S. 552, 52 S.Ct. 211, 76 L.Ed. 484 (1932), and "compensation for the use or forebearance of money". *Deputy v. DuPont*, 308 U.S. 488, 60 S.Ct. 89, 84 L.Ed. 449 (1940). The Tax Court has held that it is not necessary that the parties to a transaction label a payment made for the use of money as interest for it to be so treated. A bonus or premium retained by the lender when making the loan is interest since it is a compensation for lending money. *L–R Heat Treating Co. v. Commissioner*, 28 T.C. 894 (1957). Where a lender required an equity position in the company at a discount as part of the loan agreement, the amount paid was a cost of obtaining the loan and the company was entitled to amortize the difference between the par value of the stock and the amount

paid for the stock. *Duncan Industries, Inc. v. Commissioner*, 73 T.C. —— (1979).

The Tax Court termed the amount in excess of the principal amounts reflected on the promissory notes as consideration for the release to provide stock. (A–50 n.6). However, this characterization merely describes the transaction at the termination of the agreements and does not affect the nature of the obligation at the time the agreements were entered into. That obligation was in the nature of interest. Its repayment thus should give rise to an interest deduction for the amounts so paid.

Had Gardner actually transferred the stock to Ray as the agreement (as construed by the Tax Court) contemplated, the value of that stock would have been interest. Gardner contracted to transfer this valuable asset for the use of the borrowed money. Not only was the agreement to transfer the stock a part of the loan agreement, but there was no basis or consideration for the agreement to transfer the stock except the loan of the money. Ray himself testified that the stock was "interest on a very poor loan". (A–150). The payment of cash in lieu of the transfer of the stock does not change the reason for the payment; it is still compensation for the loan.

Interest need not be for a specified sum so long as the amount in question is an ascertainable sum contracted for the use of borrowed money. *Kena, Inc. v. Commissioner*, 44 B.T.A. 217 (1941). In that case ND and AD, husband and wife, owned all of the stock of W. W owned all of the stock of Kena plus other stock plus accounts of ND. W and Kena merged. W earned a large sum in dividends from petitioner. Petitioner, Kena, had assets of $500 of AD plus a contractual claim against ND. The parties had agreed in that contract that Kena would loan ND money for ND to use in stock trading. They agreed that this loan would be paid back on December 1, 1933, and that ND would pay additional money *in lieu of interest* equal to 80% of the net profits of the stock trading business from Dec. 13, 1932 to Dec. 1, 1933. The court stated that:

"The word 'lieu' means 'place or stead.' It does not imply that the character of the payment was different from interest but indicates that the method of computation was not in accord with the usual method of computing interest, the percentage of profit being employed as a substitute."

*Id.* at 219–20. The court characterized the payment as a loan and the amounts paid for its use as interest. "The lender may forego interest if he chooses. . . . That situation would exist here if deMauriac had made no profits. The possibility that no interest might be payable does not affect the character of the interest when actually paid." *Id.* at 221. Thus, it is clear that the amount of interest may be contingent, Rev. Rul. 76–413, 1976–2 Cum.Bull. 214; however, there must be an unconditional and legally enforceable obligation to pay. *Kena, supra,* at 221.

Although it appears petitioner did not raise his claim that the $13,800 payment constituted interest in his complaint, he did present it to the Tax Court on brief and it was considered by the Tax Court. (Opinion, Footnote 6, A–50). The Tax Court has in other instances considered matters first raised on brief where the record permits. *Keco Industries, Inc.,* (1957) Tax Ct. Mem. (P–H) ¶ 57,012. Nor did it refuse to consider the issue here because it was first raised at that time. An issue is a proper subject of review if brought to the attention of the lower court. *Yellow Truck & Coach Mfg. Co. v. Edmundson,* 155 F.2d 367 (6th Cir. 1946). The Court of Appeals has an equally broad scope of review of decisions of the Tax Court. *Hormel v. Helvering,* 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037 (1941).

I concur with that portion of the Court's order relating to the use of demonstrator automobiles.