CARIL K. and SHIRLEY A. DRUMMOND, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Drummond v. Commissioner
Docket No. 4087-78.
United States Tax Court
T.C. Memo 1980-416; 1980 Tax Ct. Memo LEXIS 173; 40 T.C.M. (CCH) 1336; T.C.M. (RIA) 80416; September 22, 1980, Filed *173 Petitioner was employed as an "electronic supervisor" in a medical center. Petitioner's responsibilities included maintaining the center's electronic equipment. The center also required petitioner to maintain a telephone in his residence. Held, petitioner's expenses of obtaining a junior college degree in business management are not deductible. Held further, petitioner is entitled to deduct a portion of his home telephone expense. Caril K. Drummond, pro se. Patrick E. McGinnis, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION
*174 IRWIN, Judge: Respondent has determined a deficiency in petitioners' 1975 income tax of $567. Due to concessions made by both parties the issues left for our decision are (1) whether petitioners are entitled to a deduction under section 162 [1] for educational expenses of petitioner-husband, and (2) whether petitioners are entitled to a deduction under section 162 for one-half of the cost of maintaining a telephone in their residence. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners Caril K. and Shirley A. Drummond, husband and wife, resided in Keota, Oklahoma, when they filed their petition herein. Petitioners timely filed their 1975 joint Federal income tax return. Because the issues for decision relate solely to Caril K. Drummond any references to "petitioner" hereinafter shall be to Caril K. Drummond. During 1975 petitioner was employed at the Sparks Regional Medical Center in Fort Smith, Arkansas as an "electronic supervisor." Petitioner *175 was responsible for maintaining the approximately 4600 items of electronic equipment owned by the medical center and was in charge of thirteen of fifteen employees. Petitioner had some electronics training while in the armed services. Petitioner had graduated from his school but did not continue his education beyond that point. In July 1974 petitioner was admitted to Carl Albert Junior College (CAJC) in Poteau, Oklahoma. Petitioner enrolled at CAJC as a Business Management major. Sparks Regional Medical Center did not require petitioner to attend any classes nor was petitioner reimbursed by the medical center for his educational expenses. CAJC grants Associate of Art degrees after a successful course of study. During 1975 petitioner took the following courses at CAJC: Residential Wiring, Commercial Heating and Air Conditioning, Basic Electronics, Plumbing, American Indian History, Personnel Management, Principles of Business Math, Salesmanship, General Drafting, and Freshman Composition. On January 14, 1975, petitioner Shirley A. Drummond paid an enrollment fee of $95.00 to CAJC for the spring session of 1975. On June 13, 1975 petitioner paid an enrollment fee of $48.50 *176 to CAJC for the summer session of 1975. Petitioner's residence was approximately 32 miles from CAJC. CAJC was in session approximately 44 weeks during 1975 and petitioner attended classes four nights per week. Petitioner deducted $1536 for transportation expense, based on 160 round trips of 64 miles each at a rate of 15 cents per mile. [2] Petitioner also deducted $267.88 for books and tuition at CAJC. During 1975 Sparks Regional Medical Center required all key personnel, including petitioner, to maintain a home telephone. Petitioner's home telephone was used primarily for personal calls. Petitioner paid $6.22 per month service charge for the telephone. Petitioners deducted $37.32, one-half the annual service charge of $74.64, on their 1975 return. By letter dated March 23, 1978 respondent disallowed petitioner's deductions for books, tuition, mileage and home telephone expense. OPINION Respondent argues that petitioner is not entitled to *177 deduct his costs of attending CAJC for two reasons: the courses were not proximately related to petitioner's present trade or business and the courses qualified petitioner for a new trade or business. Petitioner maintains that his education expenses are deductible because they maintained or improved skills required in his trade or business. Section 162(a) allows as a deduction all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Section 1.162-5, Income Tax Regs., sets forth specific rules for the deductibility of educational expenses under section 162. Under section 1.162-5(a), Income Tax Regs., educational costs are deductible if the education either maintains or improves skills required in the individual's trade or business or meets the express requirements of the individual's employer or of applicable law or regulations. [3] Expenditures which are required for an individual to meet the minimum educational requirements for qualification in his or her trade or business are not deductible, section 1.162-5(b)(2), Income Tax Regs., nor are expenditures for education which is part of a program of study which will lead *178 to qualifying the individual in a new trade or business, section 1.162-5(b)(3), Income Tax Regs.
Section 162 requires a nexus between the individual's trade or business and the deduction claimed. Kornhauser v. United States,276 U.S. 145 (1928). Respondent's determination is presumed correct and petitioner bears the burden of showing otherwise, Rule 142(a), Tax Court Rules of Practice and Procedure.
Whether the classes are related to petitioner's trade or business is a question of fact. Baker v. Commissioner,51 T.C. 243 (1968). Petitioner did not introduce syllabi of the courses he attended at CAJC. From the course titles we can glean several courses which may have the necessary relationship to petitioner's employment as electronic supervisor: Commercial Heating and Air Conditioning, Basic Electronics, Personnel Management and General Drafting (petitioner testified that he was required to draw the electrical plans for a proposed expansion of the medical center). However, *179 in the absence of any other evidence that the expenses were related to petitioner's employment we must deny petitioner's educational expense deduction in full. Because of our holding we need not consider respondent's alternative argument. Petitioner contends that he is allowed to deduct 50 percent of the annual service charge for his telephone as a business expense. Petitioner bases this contention on the medical center's requirement that all "key employees" maintain a telephone so that they can be reached by the medical center at all times. Petitioner argues that he would not have kept a telephone in his home but for his employer's requirement. Respondent argues that the cost of the phone is a nondeductible personal expense under section 262[4] and section 1.262-1(a)(3), Income Tax Regs.[5] Respondent recognizes that the cost of maintaining a telephone may be deductible but argues that petitioner is not entitled to any deduction for his telephone because the phone was used predominantly for personal calls by petitioner and his family. *180 The cost of a home telephone may, under certain circumstances, be a deductible expense. Laurano v. Commissioner,69 T.C. 723 (1978) (catering service employee); Roth v. Commissioner,17 T.C. 1450 (1952) (fireman kept telephone in home solely for the purpose of receiving calls for the performance of service by him). If the acquisition and maintenance of petitioner's telephone related primarily to personal reasons then the entire cost of the telephone is nondeductible under section 262. International Artists, Ltd. v. Commissioner,55 T.C. 94, 104 (1970). When substantial business and personal motives exist an allocation of the expense is necessary. International Artists, Ltd. v. Commissioner,supra,55 T.C. at 105. Petitioner testified that but for the requirement of his employer he would not have had a home telephone. Although by petitioner's admission the great majority of the telephone's use was for personal reasons, we have no reason to doubt petitioner's testimony. Because petitioner's home telephone was used for business and personal reasons we must allocate petitioner's cost between deductible business *181 use and nondeductible personal use. Because petitioner's phone was kept to receive calls from the medical center, none of petitioner's outgoing calls were business related and only a portion of petitioner's incoming calls could have been business related. Therefore, petitioner is entitled to deduct $10.69 (15 percent of the annual $74.64 service charge) for the cost of his home telephone. Cohan v. Commissioner,39 F.2d 540 (2d. Cir. 1930). Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩
2. Petitioner used 40 weeks rather than 44 weeks in order not to "get away with anything." Respondent challenges petitioner's right to any deduction for travel to and from CAJC but does not challenge petitioner's calculations.↩
3. Transportation expenses pursuant to deductible educational expenses are also deductible. See Carlucci v. Commissioner,37 T.C. 695, 702↩ (1962).
4. section 262. personal, living, and family expenses/. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living or family expenses. ↩
5. § 1.262-1. Personal, living, and family expenses. (a) In general. In computing taxable income, no deduction shall be allowed, except as otherwise expressly provided in chapter 1 of the Code, for personal, living, and family expenses. (3) Expenses of maintaining a household, including amounts paid for rent, water, utilities, domestic service, and the like, are not deductible. * * *↩