WILLIAM N. SMITH, M.D., P.C., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; WILLIAM N. SMITH and NANCY D. SMITH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket Nos. 10682-82, 10683-82.
United States Tax Court
T.C. Memo 1983-426; 1983 Tax Ct. Memo LEXIS 355; 46 T.C.M. (CCH) 824; T.C.M. (RIA) 83426; July 25, 1983. Robert L. Marquis, for the petitioners. John L. Hopkins, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined the following deficiencies in petitioners' Federal income taxes: Taxable
Year
Petitioner
Docket No.
Ending
Deficiency
William N. Smith, M.D., P.C.
10682-82
2/28/78
$1,257.82
2/28/79
$ 774.63
2/29/80
$1,323.18
William N. Smith and
Nancy D. Smith
10683-82
12/31/77
$3,300.22
12/31/78
$3,846.90
12/31/79
$5,351.86
After concessions, the issues for decision are: (1) Whether automobile and depreciation expenses are properly deductible by the corporate petitioner as ordinary and necessary business expenses pursuant to sections 162 and 167 respectively; [1] and (2) whether individual petitioners receive taxable income in the form of constructive dividends due to the personal use of corporate motor vehicles. *357 FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner William N. Smith, M.D., P.C., (hereinafter the "corporation") was a Tennessee corporation with its principal place of business in or around New Tazewell, Tennessee, when it filed its petition in this case. It filed Federal corporate income tax returns for the taxable years ended February 28, 1978, February 28, 1979, and February 29, 1980, with the Internal Revenue Service Center, Memphis, Tennessee. William N. Smith (hereinafter "petitioner") and Nancy D. Smith, husband and wife, resided in or around New Tazewell, Tennessee, when they filed their petition in this case. The filed their 1977, 1978, and 1979 joint Federal income tax returns with the Internal Revenue Service Center, Memphis, Tennessee. Petitioner is a physician specializing in family practice. He maintains an office practice, a hospital practice, and a large house call practice. While his practice is primarily conducted in Claiborne County, Tennessee, it extends over four counties in Tennessee and into Virginia. During *358 each of the years in issue, petitioner was an employee and the sole shareholder of the corporation. Petitioner conducted his medical practice through the corporation. During each of the taxable years at issue, the corporation owned two motor vehicles, consisting of one jeep and one automobile. In addition, petitioner and his wife owned a third vehicle which they used for personal and recreational purposes. Petitioner used both corporate vehicles to facilitate the extensive and often arduous travel required by the corporate business. [2] The principal uses of the vehicles were: to make hospital visits to patients in the Claiborne County Hospital as well as in various hospitals in Knoxville; to make emergency room calls at the Claiborne County Hospital; and to make house calls to patients throughout his practice area. Petitioner was on call seven days a week, and he used the vehicles to respond to emergency calls received during non-office hours, as well as for business travel during regular office hours. Petitioner also used corporate vehicles to attend meetings of the staff of the Knoxville and Claiborne County Hospitals and the Knoxville Academy of Medicine. *359 In addition to these business uses of the corporate vehicles, petitioner used the vehicles to commute between his home and his office, a round trip distance of approximately seven-tenths of a mile. This personal commute was made five days per week, 50 weeks per year, during each of the years in issue. Except for the commuting between petitioner's home and either his office or the location of an emergency call received during non-office hours, all travel originated from petitioner's office. Approximately one-half of the traveling was done in the jeep and one-half in the automobile. Petitioner drove approximately 21,000 miles in corporate vehicles during each year. The corporation claimed automobile expense and depreciation deductions for both vehicles for the years in issue. In his notice of deficiency to the corporation, respondent disallowed deductions for 75 percent of all insurance and vehicle operating expenses, 100 percent of the jeep depreciation, and 50 percent of the automobile depreciation, determining them to be allocable to petitioner's personal use of the corporate vehicles. In his notice of deficiency to the individual petitioners, respondent determined deficiencies *360 resulting from their receipt of constructive dividends in the form of personal use of corporate vehicles. OPINION Section 162 [3] authorizes a deduction from gross income for ordinary and necessary expenses incurred in carrying on a trade or business. Personal expenses, however, are non-deductible pursuant to section 262. It is well settled that expenses incurred by a taxpayer in traveling between his residence and his regular place of employment are personal commuting expenses and hence non-deductible. Commissioner v. Flowers,326 U.S. 465 (1946), O'Hare v. Commissioner,54 T.C. 874 (1970). Expenses incurred in traveling between places of employment are deductible, however, as are expenses incurred in traveling to other than regular places of employment -- if and to the extent the distance exceeds that between the taxpayer's home and regular place of employment. Green v. Commissioner,59 T.C. 456 (1972), Laurano v. Commissioner,69 T.C. 723 (1978). [4]
*361 The issue for decision, therefore, is the extent to which the petitioner's use of the corporate vehicles constituted personal, rather than business, use. In making this determination, we are hampered by the fact that petitioner did not maintain accurate and contemporaneous records of his use of corporate vehicles. However, where a taxpayer's records are incomplete, the expenses may be reconstructed from reliable secondary sources and collateral evidence. Secs. 1.162-17(d)(2) and (3), Income Tax Regs. Under the rule of Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930), a court may permit a deduction under section 162 where there is a basis on which a reasonably accurate estimation of such expenses can be made. The taxpayer bears the burden of showing that at least the amount so estimated was incurred for the stated purpose. Williams v. U.S.,245 F.2d 559 (5th Cir. 1957), see sec. 1.162-17(d)(3), Income Tax Regs.
We are satisfied on the record before us that petitioner has met his burden of proof. Although he kept no records of business, non-business or total mileage driven with corporate vehicles, he produced oral and documentary evidence *362 which adequately reconstructed his business mileage for the years before us. Based on this reconstruction, petitioner concludes that his business mileages were 17,259, 18,579, and 18,812 during taxable years 1977, 1978, and 1979, respectively. We find that such estimates are accurate. At the core of petitioner's evidence is his own forthright and highly credible testimony as to vehicular use. His reconstruction of the business use of corporate vehicles is buttressed by the corroborating testimony of other witnesses, including a doctor's assistant responsible for record-keeping in petitioner's office and the supervisor of the emergency room at the Claiborne County Hospital. In addition to this oral testimony, documentary evidence supports petitioner's mileage reconstruction. This evidence includes: emergency room records maintained by the Claiborne County Hospital, indicating the number of emergency calls made by petitioner; office records maintained by employees in petitioner's office, indicating the number and location of house calls made by petitioner; service records of automobile dealers, aiding in the reconstruction of total mileage; a map of the practice area, substantiating *363 petitioner's estimates of distances; and various mileage summaries prepared by petitioner and his attorney based on petitioner's records and recollections. The evidence clearly shows that the corporate business required extensive travel, often in inclement weather, through rough terrain, and at all hours of the day and night. Petitioner's personal car was not suitable for the nature and extent of travel necessary to the business. Based on the highly persuasive testimony and documentary evidence submitted by petitioner, we find that his reconstructed mileage estimates are reasonably accurate. Therefore, we make the following computations to determine percentages of business and personal uses of the corporate vehicles: Business
Total
Business
Personal
Year
Mileage
Mileage
Use
Use
1977
17,259
/
21,000
=
82%
18%
1978
18,579
/
21,000
=
88%
12%
1979
18,812
/
21,000
=
90%
10%
Consistent with the above calculations, we find that 82 percent, 88 percent, and 90 percent of the use of corporate vehicles during 1977, 1978, and 1979, respectively, was for business purposes. Therefore, we hold that these respective percentages *364 of the expenses relating to the corporate vehicles are properly deductible by the corporate petitioner under section 162. Section 167(a) [5] authorizes a deduction for depreciation "of property used in the trade or business." Where there is both business and personal use of the property, the deduction is limited to the percentage of total depreciation allocable to the business use. Henry Schwartz Corp. v. Commissioner,60 T.C. 728 (1973). In light of the above finding that 82 percent, 88 percent, and 90 percent of the use of the corporate vehicles during 1977, 1978, and 1979, respectively, was for business purposes, deductions of corresponding percentages of depreciation expenses are permissible under section 167. Therefore, we hold that 82 percent, 88 percent, and 90 percent of the total amounts claimed by the corporate petitioner for depreciation and automobile expenses during 1977, 1978, and 1979, respectively, may properly be deducted. *365 We must now decide whether petitioner received income in the form of constructive dividends [6] as a result of his personal use of the corporate vehicles. Respondent maintains that petitioner received constructive dividend income to the extent that his use of the corporate vehicles was not for business purposes. Petitioner maintains that his personal use of the corporate vehicles was an incidental benefit that did not give rise to any constructive dividend income. In the alternative, petitioner argues that any benefit to him arose from his status as an employee of the corporation and not as a shareholder. Therefore, he asserts that any benefit income should be treated as additional compensation, rather than as a constructive dividend. To the extent that expenses disallowed as corporate deductions represent benefits received by petitioner as a shareholder and with respect to his stock, the expenditures constitute constructive dividend income to the individual petitioners. Gardner v. Commissioner,613 F.2d 160 (6th Cir. 1980), affirming a Memorandum Opinion of this Court. Where the free use by a shareholder of corporate vehicles *366 is for personal purposes and is not proximately related to the corporate business, the shareholder receives constructive dividend income. See Gardner v. Commissioner,supra;Henry Schwartz Corp. v. Commissioner,supra; and Estate of Runnels v. Commissioner,54 T.C. 762 (1970). In the instant case, petitioner's personal use of the corporate vehicles was not related to corporate business. All mileage related to business use has already been accounted for in petitioner's mileage summaries and supporting evidence. Any remaining mileage, therefore, was for personal purposes. Thus, the personal use of the corporate vehicles by petitioner results in constructive dividends to him. Petitioner's argument that this additional income constitutes employee compensation, rather than constructive dividends, is without merit. The case of Lang Chevrolet Co. v. Commissioner,T.C. Memo. 1967-212, cited by petitioner, is not applicable to the instant case. In Lang, our finding of compensation was based on the facts that the free use of corporate automobiles by employees was common in the particular industry and that *367 all employees, regardless of shareholder status, enjoyed this benefit. Such is not the case under the facts now before us. There is no evidence as to any common practice in the medical industry of furnishing automobiles for personal use by employees. Nor is there any indication that any employees of the corporation other than petitioner himself enjoyed this benefit. Therefore, Lang Chevrolet Co. v. Commissioner,supra, is clearly distinguishable, and we find that the benefit of the personal use of the corporate vehicles inured to petitioner as a result of his shareholder status and not in his capacity as an employee. Under these circumstances, we hold that this benefit conferred constructive dividends upon petitioner. Respondent would have us determine the amount of these constructive dividends by considering not only the fair rental value of the vehicles, but also the portion of expenses disallowed for deduction by the corporate petitioner. The addition of disallowed expenses is without foundation and creates duplicative income to the individual petitioner. For if petitioner is to be charged with the fair rental value of the corporate vehicles, he cannot *368 fairly be also encumbered with the imputed corporate reimbursement of expenses which would not befall a rental customer. Rather, it is well settled that the proper measure of constructive dividends in these circumstances is the fair rental value of corporate property used for personal purposes. See Nicholls, North, Buse Co. v. Commissioner,56 T.C. 1225 (1971); Gardner v. Commissioner,supra.The correct amount of constructive dividends is determined by our foregoing calculations. We hold that petitioner received income in the form of constructive dividends in the amount of 18 percent of combined fair rental value during taxable year 1977, 12 percent of combined fair rental value during taxable year 1978, and 10 percent of combined fair rental value during taxable year 1979, respectively. We have considered the other arguments advanced by all parties to this case and find them unpersuasive. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise stated, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the taxable years in issue.↩
2. We note that no issue as to the possible application of section 274 was raised in this case. In any event, we note that section 274 does not apply to local transportation of this nature.↩
3. Section 162 provides, in relevant part: SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General.-There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * * ↩
4. See also Shea v. Commissioner,T.C. Memo. 1979-303↩.
5. Section 167 provides, in relevant part: SEC. 167 DEPRECIATION (a) General Rule. - There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence) - (1) of property used in the trade or business, or (2) of property held for the production of income.↩
6. See secs. 301 and 316.↩