**Edith G. McKINNEY and Estate of James R. McKinney, Deceased, Edith G. McKinney, Executrix, Petitioners-Appellees,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant.**

No. 81–2512.

United States Court of Appeals, Tenth Circuit.

Oct. 3, 1983.

Mary Lou Fahey, Atty., Tax Division, Dept. of Justice, Washington, D.C. (Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup and Jonathan S. Cohen, Attys., Tax Division, Dept. of Justice, Washington, D.C., with her on the brief), for respondent-appellant.

Robert O. O'Bannon, Oklahoma City, Okl. (Thomas G. Parrott, Oklahoma City, Okl., on the brief), of Kornfeld, McMillin, Phillips & Upp, Oklahoma City, Okl., for petitioners-appellees.

Before SETH, Chief Judge, SEYMOUR, Circuit Judge, and MATSCH, District Judge *.

SETH, Chief Judge.

The taxpayers owned a vacation condominium in Hawaii and held it for profit. During the year in question it was rented for 85 days and occupied by the taxpayers for 20 days. The case concerns the limitations on expenses which may be deducted in income tax calculations from the gross rental.

More particularly the issue on this appeal from the Tax Court is whether that court used the correct formula in its decision to allocate interest and taxes between rental and other use. This decision necessarily determined also the remaining dollar amount in the gross rental figure from which other business expenses could be deducted.

 Thus this appeal concerns a dwelling unit used part of the year by the owners as a residence. Non-business type deductions such as interest and taxes may be deducted from gross rentals. Also the deduction of some portion of business expenses is permitted insofar as they may be attributed to rental of the unit, such as maintenance expenses. The statute (Internal Revenue Code of 1954, 26 U.S.C. § 280A(e)) provides a formula to allocate maintenance expenses between rental use and other use. The total maintenance figure is multiplied by the fraction so derived and the amount which may be deducted from gross rentals is so obtained. This statutory formula for maintenance expenses is the number of days the unit is rented divided by the number of days the unit is used.

 There must also be an allocation of the expense of interest and taxes to rental use, and this is the issue before us. The statute however as to such expenses (Internal Revenue Code of 1954, 26 U.S.C. § 280A(c)(5)(B)) does not contain a formula for such an allocation. These expenses are always deductible in that if they are not here used they can be elsewhere applied. However, the allocations are important because the gross rental figure is the ceiling on deductions for maintenance, taxes and interest allocated to rental use. The taxpayer here is interested in having as large an amount as possible available for maintenance deductions.

---

\* Honorable Richard P. Matsch, United States District Judge for the District of Colorado, sitting by designation.

The dollar figure resulting from the application of the formula for allocation of taxes and interest (Treas.Reg. § 1.183–1(b)) is first deducted from gross income derived from rentals. What remains after that deduction in the gross rental figure is available for the deduction for maintenance expenses. Thus again it is to the advantage of the taxpayer to have a small amount here deducted for taxes and interest to leave a balance to accommodate a greater maintenance-repair expense deduction as the rest of the interest-taxes figure is otherwise deductible. The income ceiling limitation makes the allocations important.

▪ The Tax Court held that the allocation of interest and taxes to rental use should be the number of days rental divided by the number of days in the year times the interest-taxes total.

The Commissioner urges on this appeal that the Tax Court was incorrect in its conclusion and instead should have used the statutory formula provided in § 280A(e)(1) for maintenance expenses: thus number of days rented divided by number of days the unit was used. This position is expressed in the Proposed Treasury Regulation on Income Taxes, § 1.280A–2(d).

The Ninth Circuit has recently considered the same issue in *Bolton v. Commissioner*, 694 F.2d 556 (9th Cir.1982), and upheld the formula applied there and here by the Tax Court. We agree with the conclusion reached by the Ninth Circuit and its analysis. The opinion meets the arguments here advanced by the Commissioner, and we can add little if anything to it.

It is necessary to recognize the difference in the nature of maintenance expenses from interest and taxes. Maintenance expenses have a direct relationship to the extent the unit is used while interest and taxes accrue on a regular annual basis regardless of use. This difference should require a different treatment.

The wording of § 280A(e) would seem to require that we reach the same result as did the Tax Court. Section 280A(e)(1) states in part:

> "(e) Expenses attributable to rental.—
>
> "(1) In general.—In any case where a taxpayer ... uses a dwelling unit for personal purposes on any day during the taxable year ..., the amount deductible under this chapter with respect to expenses attributable to the rental of the' unit ... for the taxable year shall not exceed an amount which bears the same relationship to such expenses as the number of days during each year that the unit ... is rented at a fair rental bears to the total number of days during such year that the unit ... is used."

This is the general provision for the formula for business expenses. The following subsection describes an exception which removes the interest and taxes deduction from the above formula but provides no formula in its place. Thus:

> "(2) Exception for deductions otherwise allowable.—This subsection shall not apply with respect to deductions which would be allowable under this chapter for the taxable year whether or not such unit (or portion thereof) was rented."

We agree with the Ninth Circuit that this portion of the statute cannot be interpreted in the way urged by the Commissioner. The exception must be given some meaning and his suggested result which basically is to ignore it is not a reasonable interpretation. It cannot be selected and sustained as one of several reasonable interpretations under the typical doctrines relating to agency interpretations.

The legislative history is not altogether clear on this matter, but it does not support the Commissioner's position. This appears in a negative way in S.Rep. No. 94–938, 94th Cong.2d Sess., at 154, *reprinted in* [1976] U.S.Code Cong. and Adm.News, 2897, at 3587. It is there stated in part where the express formula is referred to as the "limitation":

"However, the limitation upon allocable expenses would not apply to expenses such as interest or taxes which are allowable even if not attributable to the rental activity."

Thus the construction urged by the Commissioner is not reasonable in view of the basic legislative history. It cannot be demonstrated that this construction sought is consistent with the purpose of the legislation.

The position of the Commissioner thus must fail under *United States v. Vogel Fertilizer Co.*, 455 U.S. 16, 102 S.Ct. 821, 70 L.Ed.2d 792, wherein it is required that the Commissioner's position "harmonizes with the statutory language," and be in conformance with the legislative history and legislative purpose. *See National Muffler Dealers Ass'n v. United States*, 440 U.S. 472, 99 S.Ct. 1304, 59 L.Ed.2d 519, and *Bolton v. Commissioner*, 694 F.2d 556 (9th Cir.1982).

The Court in *Vogel Fertilizer* also stated, 455 U.S. at 24, 102 S.Ct. at 827:

"Deference is ordinarily owing to the agency construction if we can conclude that the regulation 'implement[s] the congressional mandate in some reasonable manner.' ... But this general principle of deference, while fundamental, only sets 'the framework for judicial analysis; it does not displace it.' ...

"The framework for analysis is refined by consideration of the source of the authority to promulgate the regulation at issue. The Commissioner has promulgated Treas.Reg. § 1.1563–1(a)(3) interpreting this statute only under his general authority to 'prescribe all needful rules and regulations.' 26 U.S.C. § 7805(a). Accordingly, 'we owe the interpretation less deference than a regulation issued under a specific grant of authority to define a statutory term or prescribe a method of executing a statutory provision.' " (Citations omitted.)

We must conclude that the Commissioner's interpretation as expressed in the proposed regulations and as advanced in *Bolton v.*

*Commissioner* and in this case is not a reasonable one and thus is not one among several reasonable ones.

The decision of the Tax Court is AFFIRMED.