T.C. Memo. 1998-193


UNITED STATES TAX COURT


SUSAN E. SHORES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3390-97.                    Filed May 26, 1998.


<u>Audrey J. Orlando</u>, for petitioner.

<u>G. Michelle Ferreira</u>, for respondent.


MEMORANDUM OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7443A(b)(3)[1] and Rules 180, 181, and 182.  Respondent determined a deficiency in petitioner's 1994 Federal income tax in the amount of $5,354.

---

[1]  All section references are to the Internal Revenue Code in effect for the year in issue, unless otherwise indicated.  All Rule references are to the Tax Court Rules of Practice and Procedure.

The only issue for decision is whether petitioner is entitled to deduct certain business expenses, which she claimed on Schedule C of her 1994 return, in excess of the amounts allowed by respondent.[2]

Background

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time of filing the petition, petitioner resided at Palo Alto, California. For clarity and convenience, we have combined the findings of fact and discussion of pertinent legal issues.

In March 1990, petitioner entered into an agreement with a company named Au Pair In America (hereinafter APIA). The agreement was titled "Community Counselor Letter of Agreement" and provided in part that

> The Community Counselor interviews potential Host
> Families to evaluate their appropriateness for the
> [APIA] Program, matches Host Families with Au Pairs,
> has responsibility for a cluster of area Au Pairs
> throughout the year's exchange and generally
> facilitates the Host Family/Au Pair relationship.

---

[2] Respondent's notice of deficiency also reduced petitioner's total itemized deductions from $13,219 to $11,056 and increased petitioner's self-employment tax from $376 to $1,219. The parties appear to agree that these adjustments are dependent upon the other adjustments, and therefore, we do not separately address them. To the extent that petitioner seeks an abatement of interest (or review thereof), she must make such a request to the Commissioner and await a final determination not to abate interest. Sec. 6404(g); see Bourekis v. Commissioner, 110 T.C. 20, 27 (1998).

Petitioner described the APIA program as a "cultural, educational, exchange program". APIA hired individuals such as petitioner to recruit families for the program. APIA assigned each community counselor a geographic area for recruitment of families and performance of their responsibilities. Petitioner was assigned the south bay area of San Francisco.

Petitioner recruited families for APIA through marketing the program at job fairs, well baby classes, art festivals, and advertising materials that she created. Petitioner provided applications to the APIA program, counseled families on the interview process, interviewed families that applied, and communicated with the "headquarters" of APIA regarding the "matching" of au pairs with families. Petitioner arranged the travel plans for au pairs to meet families and provided an orientation in a family's home before an au pair's arrival. Petitioner met an au pair within 48 hours of arrival at a family's home and maintained a close relationship with au pairs that were matched with families she recruited.

During 1994, petitioner continued her activity with APIA and also worked full time as a kindergarten teacher for Ravenswood City School District. She taught at a school located in Menlo Park, which was less than half a mile from her home. Petitioner devoted 15 to 40 hours per week to her activity with

APIA, and she used a room in her home exclusively as an office for this purpose.

Petitioner's 1994 Schedule C reflects "consultant" as her principal business activity and "Au Pair in America" as the business name.[3] Shirley Gaman prepared petitioner's 1994 income tax return. Petitioner gave Ms. Gaman her "checks and credit card things, and receipts" and paid Ms. Gaman $200 for her services. Ms. Gaman did not execute the return as preparer. Ms. Gaman died at some point after preparation of the return.

Petitioner reported income and claimed expenses relating to her "consultant" business during the year in issue as follows:

| | | |
|---|---|---|
| Income: | | |
|   Gross receipts | | $17,260.00 |
| | | |
| Expenses: | | |
|   Advertising | $830.16 | |
|   Car and truck expenses | 2,600.24 | |
|   Legal and professional services | 300.00 | |
|   Rent or lease: | | |
|     Vehicles | 480.32 | |
|     Other business property | 1,750.00 | |
|   Repairs and maintenance | 598.17 | |
|   Supplies | 1,429.28 | |
|   Travel, meals, and entertainment: | | |
|     Travel | 1,940.00 | |
|     Meals and entertainment | 261.81 | |
|   Utilities | 1,742.80 | |
|     Total expenses | | 11,932.78 |
| | | |
|   Net (profit) | | 5,327.22 |

Petitioner also reported wages from employment unrelated to the Schedule C activity in the amount of $41,859.49.

---

[3] Respondent does not dispute that petitioner was self-employed as a "consultant" for Au Pair In America.

Petitioner stored her business and tax records in a shed behind the carport at her home. In the fall of 1995, a combination of excessive rain and a leak in the carport caused the destruction of petitioner's 1994 tax records and other personal items in the shed. After the incident, petitioner notified her insurance representative and her landlord about the damage. In January 1997, after the issuance of the notice of deficiency, petitioner began reconstructing her 1994 tax records.

Respondent determined that petitioner was not entitled to deduct any of the claimed Schedule C expenses. Respondent does not dispute that petitioner's records were destroyed because of a casualty beyond petitioner's control. Further, respondent does not appear to dispute that petitioner reasonably reconstructed her records for 1994. Rather, respondent contends that petitioner's expenses were not ordinary and necessary business expenses.

Discussion

1. General

Section 162(a) provides that there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. "Necessary" has been interpreted to mean that the expense must be appropriate or helpful to the taxpayer's trade or business. Commissioner v. Tellier, 383 U.S. 687, 689 (1966); Joseph v. Commissioner, T.C. Memo. 1997-447 (citing Welch v.

Helvering, 290 U.S. 111, 113 (1933)).  To be an "ordinary" expense, "the transaction which gives rise to it must be of common or frequent occurrence in the type of business involved." Deputy v. du Pont, 308 U.S. 488, 495 (citing Welch v. Helvering, supra at 114).  Whether an expense is "ordinary and necessary" is generally a question of fact.  Commissioner v. Heininger, 320 U.S. 467, 475 (1943); Walliser v. Commissioner, 72 T.C. 433, 437 (1979).

Section 6001 requires that a taxpayer liable for any tax shall maintain such records, render such statements, make such returns, and comply with such regulations as the Secretary may from time to time prescribe.  To be entitled to a deduction under section 162(a), therefore, a taxpayer is required to substantiate the deduction through the maintenance of books and records.

In the event that a taxpayer establishes that he or she has incurred a deductible expense, but is unable to substantiate the precise amount, we may estimate the amount of the deductible expense.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  We cannot estimate deductible expenses, however, unless the taxpayer presents evidence sufficient to provide some rational basis upon which estimates may be made.  Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

If an expense item comes within the parameters of section 274(d), we cannot rely on Cohan v. Commissioner, supra, to estimate the taxpayer's expenses with respect to that item.

Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969).  Section 274(d) imposes stringent substantiation requirements for certain deductions, including travel, entertainment, and meal expenses.  Jeffers v. Commissioner, T.C. Memo. 1986-285; sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  Thus, section 274(d) specifically proscribes deductions for travel or entertainment expenses in the absence of adequate records or of sufficient evidence corroborating the taxpayer's own statement.  See Joseph v. Commissioner, supra.  Section 274(d) also applies to business use of certain property such as passenger automobiles.  Secs. 274(d)(4), 280F(d)(4)(A)(i).

In general, when a taxpayer's records have been lost or destroyed through circumstances beyond his control, he is entitled to substantiate the deductions by reconstructing his expenditures through other credible evidence.

At trial, respondent conceded:  "The record has shown today that the records--the receipts and invoices that have been presented to the Government have been reconstructed in such a way that they are essentially the same as they would have been, had they not been destroyed".

2.  Advertising

Petitioner claimed a deduction for advertising expenses in the amount of $830.16.  To obtain clients, petitioner was required to advertise her services.  Petitioner created

materials, including brochures. Petitioner also testified with respect to additional advertising expenses. We found petitioner's testimony credible. Therefore, we conclude that petitioner is entitled to deduct $830.16 in advertising expenses. Cohan v. Commissioner, supra.

### 3. Car and Truck

Petitioner claimed automobile expenses in the amount of $2,600.24. Petitioner estimated the business use of her automobile to be approximately 70 percent of the total use. We accept petitioner's credible testimony in this regard. Petitioner calculated the amount of $2,600.24 on the basis of her actual expenses rather than mileage expenses in 1994. A taxpayer must establish his out-of-pocket expenses attributable to the business use of his automobile, such as gasoline, oil, and repairs. Sec. 1.162-1(a), Income Tax Regs. Automobile expenses are deductible if the automobile is used in connection with a trade or business. Sec. 1.162-1(a), Income Tax Regs. Petitioner testified that her activities with APIA required much local travel, and she explained the nature of such activities.

A large portion of the gasoline expenditures was in cash. Petitioner also produced some credit card statements in support of her testimony to the extent gas purchases were made with credit. Petitioner produced credit card statements, invoices, and receipts with respect to the repairs performed on her car in 1994. Ms. Gaman prepared an attachment for petitioner's 1994

Schedule C that itemizes petitioner's actual expenses and reflects an amount of $2,600.24. We conclude that petitioner is entitled to the claimed deduction for automobile expenses in the amount of $2,600.24.

### 4. Legal/Professional Services

Petitioner claimed a deduction for legal and professional services in the amount of $300. Petitioner testified that she wanted to engage in "aggressive marketing" in 1994. She met with Luke Bailey and paid a consulting fee for his expertise in this area. On the basis of the record, we conclude that petitioner is entitled to a deduction in the amount of $300 for this service. See Cohan v. Commissioner, supra; Vanicek v. Commissioner, supra.

### 5. Rent or Lease

Petitioner claimed a deduction for rent or lease of other business property in the amount of $1,750. Petitioner further claimed a deduction for rent or lease of vehicles, machinery, and equipment in the amount of $480.32. Petitioner did not present any evidence to establish that she is entitled to the claimed expenditure. Thus, we sustain respondent's disallowance.

### 6. Repairs and Maintenance

Petitioner claimed a deduction for repairs and maintenance in the amount of $598.17. Petitioner did not present any evidence to establish that she is entitled to the claimed expenditure. Thus, we sustain respondent's disallowance.

7. <u>Supplies</u>

Petitioner claimed a deduction for supplies in the amount of $1,429.28. Petitioner presented copies of her canceled checks and credit card statements and made notations on the statements regarding the items purchased. For example, petitioner claims that she purchased office supplies, such as copy machine paper, pens, and a garbage can for her office. We conclude that these items are deductible as ordinary and necessary business expenses. <u>Commissioner v. Heininger</u>, 320 U.S. 467 (1943); <u>Cohan v. Commissioner</u>, 39 F.2d 540 (2d Cir. 1930). Petitioner also testified that she purchased personalized items for the au pairs, such as "an American flag, or a little California flag." Petitioner offered no further evidence to establish how these items are ordinary and necessary to her business. Therefore, we find that petitioner is not entitled to deduct these items as supply expenses. On the basis of the entire record, we conclude that petitioner is entitled to deduct $500 in supply expenses.

8. <u>Travel</u>

Taxpayers may deduct travel expenses, including expenses for meals and lodging, that they incur while "away from home" if the expenses are reasonable and necessary and bear a reasonable and proximate relationship to the business activity. <u>Kinney v. Commissioner</u>, 66 T.C. 122, 126 (1976); <u>McKinney v. Commissioner</u>, T.C. Memo. 1981-181, modified T.C. Memo. 1981-377, affd. 732 F.2d

414 (10th Cir. 1983).  If travel expenses are incurred for both business and other purposes, the expenses are deductible only if the travel is primarily related to the taxpayer's trade or business.  Sec. 1.162-2(b)(1), Income Tax Regs.  If a trip is primarily personal in nature, the travel expenses are not deductible even if the taxpayer engages in some business activities at the destination.  Id.  Whether travel is primarily business related or personal is a question of fact.  Sec. 1.162-2(b)(2), Income Tax Regs.

Petitioner claimed a deduction for travel expenses in the amount of $1,940.  Petitioner presented copies of her credit card statements and marked the items associated with her travel expenses including airfare, rental car fees, and lodging.  Petitioner testified that her trips to Minneapolis, Seattle, and Boston were in response to immediate concerns involving au pairs and families at those locations and gave specific information regarding the nature of the concerns associated with each trip.

Petitioner also deducted travel expenses for trips to St. Croix, Puerto Rico, Disneyland, and Las Vegas.  The fact that a taxpayer engaged in business during a portion of the trip is not sufficient to entitle the taxpayer to deduct travel expenses absent a showing that business was the primary motive for the trip.  Reed v. Commissioner, 35 T.C. 199 (1960); Levine v. Commissioner, T.C. Memo. 1987-413; sec. 1.162-2(b)(1) Income Tax

Regs. Petitioner offered no further evidence with respect to the business purpose of these trips other than her testimony that the trips served an educational purpose for the au pairs. We are not satisfied that these trips were primarily related to petitioner's trade or business.

On the basis of this record, we conclude that petitioner is entitled to a deduction for travel expenses associated with her trips to Minneapolis, Seattle, and Boston. Accordingly, petitioner is entitled to a deduction of $911.64 for travel expenses.

9. Meals and Entertainment

A taxpayer may deduct meal and entertainment expenses if they are directly related to the active conduct of the taxpayer's trade or business. Sec. 1.274-2(d)(1), Income Tax Regs. The deduction for meal and entertainment expenses generally is limited to 50 percent of the substantiated amount. Sec. 274(n).

Petitioner claimed she incurred meal and entertainment expenses in the amount of $523.62. Petitioner provided canceled checks and copies of her credit card statements for restaurant meals and groceries. Petitioner testified that she incurred expenses in entertaining au pairs and families either at restaurants or at her home. We find petitioner's testimony credible and detailed with respect to the business purpose of the meals and the business relationship of the individuals

entertained.  Petitioner testified that she kept a calendar for these events, and the calendar was destroyed by water damage.  On the basis of this record, we conclude that petitioner is entitled to a deduction in the amount of $262 for meal and entertainment expenses.

    10.  Utilities (Home Office)

Petitioner deducted utility expenses in the amount of $1,742.80.  Section 280A, in general, disallows deductions with respect to the use of a dwelling unit that is used by the taxpayer during the taxable year as a residence.  However, section 280A(c) permits the deduction of expenses allocable to a portion of the dwelling unit which is exclusively used on a regular basis as "the principal place of business for any trade or business of the taxpayer".  Thus, to qualify under section 280A(c) for a home-office deduction, petitioner must establish that a portion of her dwelling is (1) exclusively used, (2) on a regular basis, and (3) as the principal place of business for her trade or business.  Hamacher v. Commissioner, 94 T.C. 348, 353 (1990).  However, section 280A(c)(5) limits the amount of deductions to the excess of the gross income derived from the use of the home office over the deductions allocable to the home office that are otherwise allowable.

The determination of the principal place of business depends on the particular facts of each case.  Commissioner v. Soliman,

506 U.S. 168, 175 (1993). Two primary considerations in deciding whether a taxpayer may deduct costs of a home office are: (1) The relative importance of the activities performed at each business location, and (2) the time spent at each place. Id. Other than testifying that she used a room in her home exclusively as her main business office, petitioner presented no evidence to establish either the nature of or the relative importance of the activity performed at this location. Further, petitioner did not establish how much time she spent in her office. Therefore, we conclude that petitioner is not entitled to a home office deduction.

11. Telephone

Petitioner also submitted copies of her telephone bills from 1994. Petitioner did not maintain a separate telephone line for her business. We may estimate the deductible amount of petitioner's telephone expenses. Laurano v. Commissioner, 69 T.C. 723, 727 (1978). Section 262(b) provides that the basic local telephone service for the first telephone line to a taxpayer's residence is a nondeductible, personal expense.

Petitioner testified that most of her long distance calls were business related. Petitioner presented copies of her telephone bills from 1994. In calculating her business expenses, petitioner excluded amounts related to the basic local service. On the basis of our best judgment, we find that petitioner is

entitled to a deduction in the amount of $450 for telephone expenses. Id.

Petitioner did not claim any additional deduction for, or present any other evidence to substantiate, expenditures for the use of a home office.

12. Computer Cost

Although not claimed on her Schedule C, petitioner contends that the $2,200 cost of the computer she purchased is deductible under section 179. Petitioner offered a copy of her credit card statement dated May 16, 1994, which indicates that she purchased a computer for $2,200. Petitioner testified that she used the computer exclusively for her business with APIA. On the basis of this record, we find that petitioner purchased a computer for $2,200 and used the computer solely for her activities with APIA.

Under section 179(a), a taxpayer may elect to treat the cost of any section 179 property as an expense which is not chargeable to capital account. Taxpayers electing to do so may deduct the cost of such property in the taxable year in which the property is placed into service. The aggregate cost which may be taken into account under section 179(a) cannot exceed $17,500. Sec. 179(b)(1). Section 179(c)(1) provides that an election must:

> (A) specify the items of section 179 property to which the election applies and the portion of the cost of each of such items which is to be taken into account under subsection (a), and

> (B) be made on the taxpayer's return of the tax

imposed by this chapter for the taxable year.

Such an election shall be made in such a manner as the Secretary may by regulations prescribe.

Section 1.179-5(a), Income Tax Regs., provides that the election under section 179

> shall be made on the taxpayer's first income tax return for the taxable year to which the election applies (whether or not the return is timely) or <u>on an amended return filed within the time prescribed by law (including extensions) for filing the return for such taxable year</u>. * * * [Emphasis added.]

Petitioner made no section 179 election for the computer on her 1994 return or any amended return filed within the time prescribed by law, including extensions, for filing her 1994 return. <u>Alisobhani v. Commissioner</u>, T.C. Memo. 1994-629; <u>Subt v. Commissioner</u>, T.C. Memo. 1991-429. Thus, pursuant to section 1.179-5(a), Income Tax Regs., petitioner should have filed an amended return no later than October 15, 1995 (assuming valid extensions), in order for petitioner to have properly elected section 179 treatment. Thus, petitioner is not entitled to an expense deduction under section 179 for the computer. <u>Starr v. Commissioner</u>, T.C. Memo. 1995-190, affd. without published opinion 99 F.3d 1146 (9th Cir. 1996).

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.