T.C. Memo. 1998-374

UNITED STATES TAX COURT

KATIA V. AND PETER POPOV, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24453-96.                    Filed October 15, 1998.

<u>Peter Popov</u>, for petitioners.

<u>Daniel M. Whitley</u>, for respondent.

MEMORANDUM OPINION

NAMEROFF, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7443A(b)(3) and Rules 180, 181, and
183.[1]  Respondent determined a deficiency in petitioners' 1993
Federal income tax in the amount of $2,079 and an accuracy-
related penalty under section 6662(a) in the amount of $416.

_____

[1]  All section references are to the Internal Revenue Code
in effect for the year at issue.  All Rule references are to the
Tax Court Rules of Practice and Procedure.

After concessions by respondent,[2] the issues for decision are:  (1) Whether petitioners are entitled to the claimed employee expenses on Schedule A for:  Home office $3,600, electricity $109, telephone $505, car and truck $3,346, meals and entertainment $1,479, and clothing $1,296; (2) whether petitioners are entitled to a claimed Schedule C deduction of $1,180 for travel; and (3) whether petitioners are liable for the accuracy-related penalty under section 6662(a) for negligence or disregard of rules or regulations.

Some of the facts have been stipulated, and they are so found.  The stipulation of facts and the attached exhibits are incorporated herein by this reference.  At the time they filed their petition, petitioners resided in Beverly Hills, California.

Schedule A

Katia Popov (Mrs. Popov) is a professional violinist. During 1993, Mrs. Popov played with the Los Angeles Chamber Orchestra and the Long Beach Symphony.  Additionally, Mrs. Popov played in orchestras which recorded music for the motion picture industry.  For example, a contractor (from MGM, Paramount, Universal, etc.) would call Mrs. Popov to tell her that he was putting together an orchestra to record music for a motion picture.  When the contractor called, either Mrs. or Mr. Popov

_____

[2] In the notice of deficiency, respondent disallowed certain expenses which were claimed on Schedule C-1 pertaining to Mrs. Popov's business.  Respondent now concedes these items.

would record the time and place of the recording session in Mrs. Popov's calendar. Mrs. Popov worked for 24 contractors during 1993 and recorded at 38 locations. The recording sessions were scheduled in either 3- or 6-hour blocks of time, and Mrs. Popov was paid by the contractor. Mrs. Popov received a total of 26 Forms W-2 for 1993.

In the notice of deficiency, respondent disallowed the Schedule A expenses, stating that petitioners have not established that the expenses were paid or incurred during the taxable year, or if the expenses were incurred, petitioners have not shown that these are deductible expenses. At trial, respondent further contended that the car and truck and the meals and entertainment expenses lacked substantiation.

Section 162(a) permits the deduction of "ordinary and necessary" expenses paid or incurred during the taxable year in carrying on any trade or business. Taxpayers must keep sufficient records to establish deduction amounts. Sec. 6001; Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965).

Home Office and Electricity

Neither the various contractors, the Los Angeles Chamber Orchestra, nor the Long Beach Symphony provided a place for Mrs. Popov to practice, although it was expected that the musicians would practice daily. For the recording sessions, Mrs. Popov would not receive the sheet music in advance in order to rehearse. Once the musicians arrived at the studio, they would

receive the sheet music, and shortly thereafter they would start recording.  A musician had to be very well prepared in order to play music on such short notice.

Petitioners lived in a one-bedroom apartment with their 4-year-old daughter Irina.  For a few months in 1993, Mr. Popov's mother visited from Bulgaria and also lived in the apartment.  In addition to the bedroom, the apartment contained a kitchen/dining area and a living room.  The door from the outside into the apartment was on one side of the living room.  On that same side was an open area where a person could walk from the kitchen/dining area to the bedroom and bathroom.  The rest of the living room was used only for practice and recording purposes.

Mrs. Popov would practice in the living room.  In the living room, there were shelves which held recording equipment, a small table, and a bureau in which Mrs. Popov kept her sheet music. Mrs. Popov would record herself practicing in order to make improvements.  She would also make demo tapes to send to orchestras to secure bookings.  Other than a chair Mrs. Popov occasionally used while practicing, the living room contained no other furniture such as a sofa.  Irina's crib and toys along with a sleeper sofa were in the bedroom, and there was a television in the dining room.  All residents of the apartment slept in the bedroom, and Irina spent time in the building's common areas and patio playing with other children.

Mr. Popov took measurements of the apartment and determined that the living room took up 40 percent of the entire apartment space. The record also includes a rough diagram of the layout of their apartment. Petitioners claimed a home office deduction for the living room and deducted $3,600 or 40 percent of the rent for the year and $109 or 20 percent of the electricity for the year. There is no dispute as to the cost of the rent or electricity.

Section 280A(a) generally disallows a deduction with respect to the use of a taxpayer's personal residence. Section 280A(c)(1)(A), however, provides that section 280A(a) shall not apply if a portion of the taxpayer's personal residence is exclusively used on a regular basis as the principal place of business for any trade or business of the taxpayer. The exclusive use of a portion of a taxpayer's dwelling unit means that the taxpayer must use a specific part of the dwelling unit solely for the purpose of carrying on his trade or business.

We are satisfied that a specific portion of the living room was exclusively used by Mrs. Popov for her practicing and recording activities during 1993.

Additionally, we must address the question of whether the home office constitutes Mrs. Popov's principal place of business. The Supreme Court in Commissioner v. Soliman, 506 U.S. 168 (1993), identified two primary considerations to decide whether an office located within a taxpayer's dwelling unit is a taxpayer's principal place of business: (1) The relative

importance of the activities performed at each business location, and (2) the time spent at each place.  Id. at 175.

Mrs. Popov practiced 4 to 5 hours per day in her home office.  Without practicing, she could not perform adequately and risked losing employment.  Thus, practicing at home was a very important component to her success as a musician.  In addition, she used the home office to make demo tapes to further her career.  However, the Supreme Court stated:  "We decide, however, that the point where goods and services are delivered must be given great weight in determining the place where the most important functions are performed."  Id.  In the instant case the places where Mrs. Popov's services are performed are the concert halls and studios.  Her performances in these places were what earned her income.  All the rest was preparatory to performing. Therefore, while the home office where she prepared was an important place for her business, we cannot say that it was her principal place of business.  Accordingly, she has not satisfied the requirements of section 280A and is not entitled to a deduction for the use of a home office.

Telephone Expense

In 1993, petitioners had only one telephone line.  The total phone bills for that year were $587.97.  In preparing their tax returns, petitioners subtracted the basic monthly charge and claimed the balance of $505 as deductible.  Mrs. Popov claimed that both she and Mr. Popov made long distance calls for her business.  Mrs. Popov testified that all long distance calls were business calls, yet she did not elaborate on the business purpose of these calls.

Section 262(a) provides that no deduction shall be allowed for personal, living, or family expenses.  Section 262(b) provides that any charges, including taxes, for basic local telephone service for the first telephone line of the taxpayer's residence are treated as personal expenses for the purposes of section 262(a).

Petitioners submitted all of their telephone bills for 1993. There were telephone calls that were late at night, for long periods of time, and to foreign countries.  Since petitioners did not identify the business purposes of any long distance calls, they are deemed to be personal and not deductible.

Car and Truck Expenses

Mrs. Popov drove to 38 different locations in order to play the violin for the various orchestras.  The contractors used different studios according to what was available.  Mrs. Popov

also drove to the library where she would listen to music in connection with her performances.  Mrs. Popov would make a note in her calendar when she would go to the library.

Mrs. Popov measured the distance the first two or three times she drove to a particular location.  Using Mrs. Popov's calendar, petitioners constructed a mileage log to assist them in preparing their tax return.  The log listed the date, destination, and round-trip mileage for each trip.  According to their return, Mrs. Popov drove 11,950 miles in 1993 and took the mileage deduction of $3,346 based on 28 cents per mile.[3]  See Rev. Proc. 92-104, 1992-2 C.B. 583, 584.

In order to deduct an automobile expense under section 162(a), petitioners must comply with the strict substantiation requirements under section 274(d).  Section 274(d)(4) requires substantiation for certain items listed under section 280F(d)(4) such as passenger automobiles.  Sec. 280F(d)(4)(A)(i).  In order to substantiate a deduction attributable to listed property, a taxpayer must maintain adequate records or present corroborative evidence to show:  (1) The amount of each automobile expenditure, (2) the automobile's business and total usage, (3) the date of the automobile's use, and (4) the business purpose of the automobile trip.  Sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

---

[3]  We note a small discrepancy as the total number of miles listed in the log is 11,750.

We find that petitioners are entitled to a deduction of $3,290 for use of the car (.28 x 11,750 miles). Petitioners' log and the calendar contain sufficient information to satisfy the stringent substantiation requirements of section 274(d).

Meals and Entertainment

Mrs. Popov dined frequently with other musicians. Occasionally, she would pick up the tab, and if someone else did, Mrs. Popov would contribute money for her share. Mrs. Popov entertained other musicians in order to make contacts, to obtain engagements, and to enhance her reputation as a musician. She stated that this was necessary since she was new to Los Angeles and it was difficult getting into the music business. She further contends that it was helpful since she made contacts which helped increase her salary. In addition to making contacts, Mrs. Popov dined with these people "to make more friends and be social." Petitioners submitted receipts from restaurants, and on most of the receipts, the names of the people present at the meal were listed.

Petitioners also submitted receipts for bulk food purchases. Mrs. Popov testified that when she would give a recital, there would be a reception afterwards for which she would provide refreshments.

A taxpayer is required under section 274(d) to substantiate entertainment expenses by adequate records to corroborate his or her own testimony as to: (1) The amount of the expense, (2) the

time and place the expense was incurred, (3) the business purpose of the expense, and (4) the business relationship to the taxpayer of each expense incurred. Sec. 1.274-5T(b)(4), Temporary Income Tax Regs., 50 Fed. Reg. 46015 (Nov. 6, 1985).

Petitioners did not provide any records outside of receipts to substantiate the business purpose of these meals. Casual conversation about business matters among business associates or fellow employees does not satisfy the business purpose requirement of section 274(d). Sec. 1.274-2(c), Income Tax Regs. Therefore, no deduction for meals is allowed.

However, we find that petitioners are entitled to a deduction for the food purchased for the reception after one recital. Petitioners provided an announcement for the recital and receipts for food purchases. Petitioners are entitled to a deduction of $89.

Performance Clothing

Mrs. Popov was required to wear certain types of clothing and shoes for the performances. Petitioners presented pictures and receipts for skirts, dresses, pants, blouses, sequined blouses, and shoes that were purchased in 1993. For the Los Angeles Chamber Orchestra and the Long Beach Symphony, Mrs. Popov was required to wear black. Mrs. Popov testified that the type of music to be performed would dictate what she was to wear. She also testified that she is not fond of the color black. Petitioners claimed a clothing expense of $1,296.

It is well settled that clothing that is suitable for general or personal wear does not qualify as a business expense under section 162.  E.g., Green v. Commissioner, T.C. Memo. 1989-599.  Such costs are not deductible even when it has been shown that the particular clothes would not have been purchased but for the employment.  Stiner v. United States, 524 F.2d 640 (10th Cir. 1975); Donnelly v. Commissioner, 262 F.2d 411 (2d Cir. 1959), affg. 28 T.C. 1278 (1957).

We find that the majority of the clothes and the shoes are adaptable for general and personal wear and, therefore, are not a deductible ordinary and necessary business expense.  However, a few of the items are quite formal and not adaptable for general and personal wear, such as the sequined items and formal dresses.  We hold that petitioners are entitled to a deduction of $218.  Sec. 162(a); see Fisher v. Commissioner, 23 T.C. 218 (1954), affd. 230 F.2d 79 (7th Cir. 1956).

Travel Expense on Schedule C

Petitioners claimed a deduction for travel on Schedule C in the amount of $1,180 for airfare to Bulgaria for Mr. Popov.  During 1993, Mr. Popov was a law student.  He also started a business called the Intellectual Marriage Club, whose goal was to introduce educated Eastern Europeans to Americans.  Before her visit to the United States, Mr. Popov's mother placed advertisements for him, but only in the newspapers in Sofia where

she resided.  Mr. Popov explained that his father was unable to perform these tasks.

Mr. Popov flew to Bulgaria to place advertisements in newspapers advertising his business in Sofia and in larger cities outside of Sofia.  Mr. Popov also wanted to establish an office in Bulgaria to facilitate the payment procedures.  Mr. Popov testified that he had to go to Bulgaria to do all of this in person, since Bulgaria does not have a banking system and most transactions are done in cash.

In Bulgaria, Mr. Popov stayed at the family apartment with his father for 1 month.  His mother was in the United States at the time for a 3-month visit with petitioners.  Mr. Popov did a substantial amount of traveling in Bulgaria and placed numerous advertisements for the dating service in newspapers in both Sofia and other cities.

Taxpayers may deduct travel expenses if the expenses are reasonable and necessary and bear a reasonable and proximate relationship to the business activity.  Kinney v. Commissioner, 66 T.C. 122, 126 (1976); McKinney v. Commissioner, T.C. Memo. 1981-181, modified T.C. Memo. 1981-377, affd. 732 F.2d 414 (10th Cir. 1983).  If travel expenses are incurred for both business and other purposes, the expenses are deductible only if the travel is primarily related to the taxpayer's trade or business. Sec. 1.162-2(b)(1), Income Tax Regs.  If a trip is primarily personal in nature, the travel expenses are not deductible even

if the taxpayer engages in some business activities at the destination.  Id.  Whether travel is primarily business related or personal is a question of fact.  Sec. 1.162-2(b)(2), Income Tax Regs.  Travel expenses must also be adequately substantiated under the provisions of section 274(d).  See Fast v. Commissioner, T.C. Memo. 1998-272.

Mr. Popov usually depended on his mother to place the ads for him.  However, since she was in the United States for 3 months, Mr. Popov had to perform that task himself.  This was also an opportune time for Mr. Popov to focus on his business and travel to Bulgaria, since it was his summer break from law school.  Mr. Popov wanted to place ads in other newspapers outside of Sofia and investigate setting up an office.  Mr. Popov does not have any friends remaining in Bulgaria, and from the numerous advertisements presented at trial, it appears that Mr. Popov did a substantial amount of work.  We find that Mr. Popov's trip to Bulgaria was primarily business related and bore a reasonable and proximate relationship to his Bulgarian/American dating service.  The requirements of section 274(d) have been satisfied.  Accordingly, petitioners are entitled to deduct the travel expense of $1,180.

Accuracy-Related Penalty

Respondent determined an accuracy-related penalty under section 6662(a).  Section 6662(a) imposes a penalty of 20 percent on any portion of an underpayment of tax that is attributable to

negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1). "Negligence" is defined as any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, and the term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c). A position with respect to an item is attributable to negligence if it lacks a reasonable basis. Sec. 1.6662-3(b)(1), Income Tax Regs.

Moreover, taxpayers are required to keep adequate books and records sufficient to establish the amounts of deductions or other items required to be shown on their returns. Failure to maintain adequate books and records or to substantiate items properly also constitutes negligence. Id.

Section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment if it is shown that there was reasonable cause for the taxpayer's position with respect to that portion and that the taxpayer acted in good faith with respect to that portion. Sec. 6664(c)(1). The determination of whether a taxpayer acted with reasonable cause and good faith within the meaning of section 6664(c)(1) is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs.

After reviewing the record and considering our holdings on the claimed deductions, we find that petitioners have not proved that they acted in good faith with respect to the underpayment of

tax attributable to the disallowed deductions for meals, telephone expense, and clothing. Accordingly, we hold that petitioners are liable for the section 6662(a) accuracy-related penalty for 1993 attributable thereto.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.