T.C. Memo. 1999-303


UNITED STATES TAX COURT


KANHUA & LIHYING YOUNG, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8215-98.                    Filed September 15, 1999.


Lihying Young, pro se.

<u>Roger W. Bracken</u>, for respondent.


MEMORANDUM OPINION


PANUTHOS, <u>Chief Special Trial Judge</u>:  Respondent determined deficiencies in petitioners' Federal income taxes in the amounts of $4,230 and $1,330 for the taxable years 1994 and 1995. Respondent also determined petitioners were liable for accuracy-related penalties under section 6662(a) in the amounts of $846 and $266 for 1994 and 1995, respectively.  Unless otherwise

indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for decision are: (1) Whether petitioners properly reported amounts of rental income and deductions on Schedule E of their 1994 and 1995 Federal income tax returns; (2) whether petitioners are entitled to deduct S corporation losses claimed on Schedule E of their 1994 and 1995 Federal income tax returns; and (3) whether petitioners are liable for the accuracy-related penalty pursuant to section 6662(a) for both years 1994 and 1995. Petitioners filed a timely petition with this Court. At the time of filing the petition, petitioners resided in Rockville, Maryland.

Background

Petitioner Kanhua Young was employed as an economist by the U.S. Department of Commerce during the years in issue. Petitioner Lihying Young (hereinafter petitioner) is also an economist and the sole owner and president of OMNIX, an S corporation. To the extent that OMNIX conducted any business activity, such activity occurred at petitioners' home.

Petitioners timely filed their 1994 and 1995 Federal income tax returns. Petitioners reported the following items of income and expense on their Federal tax returns for the years in issue:

## Form 1040 - Individual Income Tax Return

|                                   | 1994      | 1995      |
|-----------------------------------|-----------|-----------|
| Wages                             | $79,880   | $82,153   |
| Taxable interest                  | 793       | 521       |
| Dividend income                   | 1,082     | 1,046     |
| Taxable refunds                   | -0-       | 1,714     |
| Capital gain/loss                 | (1,095)   | 2,085     |
| Schedule E (set forth below)      | (22,321)  | (13,032)  |
| Total income                      | 58,339    | 74,487    |
|   Less:  Itemized deductions | 19,493 | 19,260    |
|     Exemptions | 4,900     | 5,000     |
| Taxable income                    | 33,946    | 50,227    |

### Schedule E - Supplemental Income and Loss

|                          |        | 1994      |        | 1995      |
|--------------------------|--------|-----------|--------|-----------|
| Rents received           |        | $20,400   |        | $20,400   |
| Expenses:                |        |           |        |           |
|   Insurance    | $1,078 |           | $955   |           |
|   Mortgage interest | 7,233 |        | 8,169  |           |
|   Taxes        | 1,945  |           | 1,989  |           |
|   Utilities    | 689    |           | 1,063  |           |
|   Depreciation | 1,863  |           | 1,863  |           |
|   Total        |        | 12,808    |        | 14,039    |
| Income                   |        | 7,592     |        | 6,361     |
|   Less: Loss from S corp. |  |        |        |           |
|   (Schedule K-1) |      | 29,913    |        | 19,393    |
| Net Loss                 |        | (22,321)  |        | (13,032)  |

OMNIX reported the following items of income and expense:

### Form 1120S - Income Tax Return for an S Corporation

|                              |         | 1994     |          | 1995     |
| ---------------------------- | ------- | -------- | -------- | -------- |
| Gross receipts               |         | $11,000  |          | $9,000   |
| Deductions:                  |         |          |          |          |
|   Rent             | $20,400 |          | $20,400  |          |
|   Tax/licenses     | 155     |          | 649      |          |
|   Advertising      | 977     |          | 989      |          |
|   Professional dues & |      |          |          |          |
|   subscriptions    | 2,037   |          | 3,683    |          |
| Photocopying & postage       | 10,685  |          | 205      |          |
|   Books & supplies | 3,694   |          | 174      |          |
|   Transportation   | 1,218   |          | 1,200    |          |
|   Legal costs & consulting | 1,747 |    | 1,093    |          |
| Total                        |         | 40,913   |          | 28,393   |
| Net loss                     |         | (29,913) |          | (19,393) |

In the notice of deficiency, respondent disallowed all items of expense relating to the rental activity.  Respondent also reduced petitioners' income by the $20,400 of reported rental income for each year in issue.  Respondent allowed petitioners' home mortgage interest and tax deductions as itemized deductions on Schedule A for each year in the identical amounts as claimed and disallowed on Schedule E.  In addition, respondent disallowed the losses claimed on Schedules E in the amounts of $29,913 and $19,393 for 1994 and 1995, respectively.  These losses are S corporation losses reported to petitioners on Schedules K-1 from OMNIX.

## Discussion

### 1.  General

We begin by noting that the Commissioner's determinations are presumed correct.  See Rule 142(a); <u>Welch v. Helvering</u>, 290

U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that they are entitled to the claimed deduction. See Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Section 6001 requires that a taxpayer liable for any tax shall maintain such records, render such statements, make such returns, and comply with such regulations as the Secretary may from time to time prescribe. To be entitled to a deduction, therefore, a taxpayer is required to substantiate the deduction through the maintenance of books and records. In addition, section 262 denies a deduction for any personal, living, or family expenses.

### 2. Schedule E - Rental Income & Expense

Petitioner testified that the rental income and expenses claimed on Schedule E relate to her business, OMNIX. She asserts that she conducted economic research and some marketing through OMNIX, which was conducted out of the home owned by both petitioners. She testified OMNIX' business office consisted of the entire area in the house with the exception of two bedrooms.

Petitioner testified that she charged OMNIX rent in the amount of $1,500 per month ($18,000 annually) for the use of the home. Petitioner also testified that she would write checks from OMNIX to her husband for the rent. However, she did not write the checks on a monthly basis, but "maybe altogether one check or

two check".  Petitioners paid total annual mortgage payments for their home in 1994 and 1995 in the amount of $18,000.  In addition to the rental of the home, petitioner testified that she also charged OMNIX a $200 monthly rental fee for the use of the household car.  Petitioners included the $18,000 rent for use of the home and the $2,400 rent for use of the household car as income on their Schedule E for the years in issue.

Petitioner provided no written records or other substantiation for the rental income and rental expenses claimed on Schedule E as required under section 6001.  It is evident from petitioner's testimony that the rental transactions did not actually take place, but were "paper entries" for what petitioner felt were "fair rental values" for the use of her car and home by OMNIX.  Petitioner has provided no records or credible testimony to show that the transactions took place or that the expenses were incurred.  Accordingly, we conclude that petitioners did not have rental income from OMNIX as reported on Schedules E during 1994 and 1995, nor did they incur rental expenses relating to OMNIX, deductible on Schedules E.  Respondent is sustained on this issue.

### 3.  Schedule E - S Corporation Losses

Petitioner testified that OMNIX received $11,000 and $9,000 in income during 1994 and 1995.  Petitioner asserts that the

source of income was her children and other individuals for whom advice was provided by OMNIX.

Respondent asserts that OMNIX' claimed expenses are not "ordinary and necessary" expenses incurred in the carrying on of business. Respondent also asserts that the disputed items claimed have not been substantiated.

Section 162 generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. An ordinary and necessary expense is one which is appropriate and helpful to the taxpayer's business and which results from an activity which is common and accepted practice. See Boser v. Commissioner, 77 T.C. 1124, 1132 (1981), affd. without published opinion (9th Cir. 1983); Shores v. Commissioner, T.C. Memo. 1998-193; Irwin v. Commissioner, T.C. Memo. 1996-490, affd. without published opinion 131 F.3d 146 (9th Cir. 1997). Whether an expense is "ordinary and necessary" is generally a question of fact. See Commissioner v. Heininger, 320 U.S. 467, 475 (1943); Walliser v. Commissioner, 72 T.C. 433, 437 (1979); Shores v. Commissioner, supra.

OMNIX claimed deductions for business expenses in the amounts of $40,913 and $28,393 in 1994 and 1995, respectively. Petitioner has provided no credible testimony regarding the expenses at issue. Testimony given on the matter was both vague and inconsistent. We cannot conclude that OMNIX conducted any

business activity in the years in issue. Petitioner has provided no records to show that the expenses claimed were actually incurred, as required by section 6001, although petitioner claims to keep adequate records with regard to her activities. We conclude that petitioners are not entitled to the claimed expenses pursuant to section 162 and are thus not entitled to the net losses claimed in the amounts of $29,913 and $19,393 for 1994 and 1995, respectively. Respondent is sustained on this issue.

4. Accuracy-Related Penalty Under Section 6662(a)

Respondent determined petitioners were liable for the accuracy-related penalty under section 6662(a) for 1994 and 1995. The accuracy-related penalty is equal to 20 percent of any portion of an underpayment of tax required to be shown on the return that is attributable to the taxpayer's negligence or disregard of rules or regulations. See sec. 6662(a), (b)(1). "Negligence" consists of any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code. Sec. 6662(c). "Disregard" consists of any careless, reckless, or intentional disregard. Id.

An exception applies to the accuracy-related penalty when the taxpayer demonstrates (1) there was reasonable cause for the underpayment, and (2) he acted in good faith with respect to such underpayment. Sec. 6664(c). Whether the taxpayer acted with reasonable cause and in good faith is determined by the relevant

facts and circumstances.  The most important factor is the extent of the taxpayer's effort to assess his proper tax liability.  See Stubblefield v. Commissioner, T.C. Memo. 1996-537; sec. 1.6664-4(b)(1), Income Tax Regs.  Sec. 1.6664-4(b)(1), Income Tax Regs., specifically provides:  "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of the experience, knowledge and education of the taxpayer."

It is the taxpayer's responsibility to establish that he is not liable for the accuracy-related penalty imposed by section 6662(a).  Rule 142(a); Tweeddale v. Commissioner, 92 T.C. 501, 505 (1989).  Petitioner did not address this issue at trial or in any pleadings filed with the Court.  Petitioners claimed expenses and losses which they failed to explain or substantiate adequately as required under section 6001.  On the basis of the entire record, we conclude petitioners have not established the underpayment was due to reasonable cause and that they acted in good faith.  Accordingly, we hold petitioners are liable for the accuracy-related penalty.

To reflect the foregoing,

Decision will be entered

for respondent.